## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MEINRADO CALUEN ENRILE,<br><br>    Defendant. | Case No. 2:09-cv-01694-LDG-PAL<br><br>**ORDER** |

   The United States of America filed this action to revoke and set aside the grant of United States citizenship to Meinrado Caluen Enrile and to cancel his Certificate of Naturalization, No. 27287501. *See* U.S.C. § 1451(a). The Government alleges that Enrile illegally procured his naturalization (Counts I and II) and that he procured his naturalization through willful misrepresentation and concealment of material facts (Count III). The Government has filed a motion for summary judgment on all three counts. For the reasons stated herein, the court grants Government's Motion.

### I. Analysis

   A grant of summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. *Id.* The party opposing

summary judgment "must cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine controversy requiring adjudication by a trier of fact exists." *Taybron v. City & Cnty. of San Francisco*, 341 F.3d 957, 960 (9th Cir. 2003). If the non-moving party meets its burden, summary judgment must be denied. Fed. R. Civ. P. 56(e); *Celotex Corp.,* 477 U.S. at 324.

"The Government 'carries a heavy burden of proof in proceeding to divest a naturalized citizen of his citizenship.'" *Fedorenko v. United States*, 449 U.S. 490, 505 (1981) (quoting *Costello v. United States*, 365 U.S. 265 (1961)). "The evidence justifying revocation of citizenship must be clear, unequivocal, and convincing and not leave the issue in doubt." *Id*. (internal quotations and citations omitted). Once the court has determined that the government has met its burden of proving a naturalized citizen has obtained his citizenship illegally, the court has no discretion to excuse the conduct. *Id*. at 517.

Revocation of naturalization may be commenced if the citizen's naturalization was (1) "illegally procured" or (2) "procured by concealment of a material fact or by willful misrepresentation." 8 U.S.C. § 1451(a); *United States v. Dang*, 488 F.3d 1135, 1139 (9th Cir. 2007). To lawfully obtain citizenship, a person must be of "good moral character" for five years immediately preceding the date of filing his citizenship application up to the time of admission to citizenship. 8 U.S.C. § 1427(a). This five-year period is shortened to three years for persons living in marital union with a spouse who is a United States citizen. *Id*. § 1430(a).

Count I alleges that Enrile illegally procured his naturalization because he committed unlawful acts that adversely reflect upon his moral character during the relevant statutory period. Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts. 8 C.F.R § 316.10(b)(3)(iii). Enrile was arrested for sexual assault on October 15, 2002. Pl.'s

Br. Summ. J. Ex.10, at 2, ECF No. 9. He subsequently pled guilty to Lewdness With a Child Under the Age of Fourteen, in violation of Nevada Revised Statute § 201.230. Pl.'s Br. Summ. J. Ex.12, at 1, ECF No. 9. The violation was found to have occurred during the relevant statutory period, September 26, 1998, through June 21, 2002. *Id*. at 8, 14. Enrile's conviction is "clear, unequivocal, and convincing" evidence that he committed unlawful acts during the statutory period that adversely reflect upon his moral character and, consequently, that his naturalization was illegally procured. The burden on summary judgment then shifts to Enrile to raise a genuine issue for trial. Enrile has not answered the complaint and has failed to meet his burden. *See* LR 7-2(d). Summary judgment is therefore appropriate.

This court need not resolve the issues presented in Count II and III because of its finding with respect to Count I.

## II. Conclusion

For the reasons stated herein,

THE COURT HEREBY ORDERS that Plaintiff's Motion for Summary Judgment (ECF No. 9) is GRANTED.

DATED this 14 day of June, 2011.

_____
Lloyd D. George
United States District Judge

3